**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**GREGORY I. EGBUNA,**

                      **Plaintiff,**

v.

**1. SYRACUSE CITY SCHOOL DISTRICT,**
**2. DR. STEPHEN C. JONES,**
**3. WAYNE D. O'CONNOR,**
**4. DEBRA A. MASTROPAOLO,**

                      **Defendants.**

05-CV-0112
(NAM/GHL)

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Office of Gilles R. Abitbol<br>121 Green Acres Drive<br>Liverpool, NY 13090 | Gilles R. Abitbol, Esq. |
| City of Syracuse Corporation Counsel<br>233 East Washington Street<br>Room 301 City Hall<br>Syracuse, NY 13202 | Joseph Francis Bergh, Esq. |

Hon. Norman A. Mordue, D.J.:

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

Plaintiff brings this action pursuant to 42 U.S.C. § 2000e et seq. ("Title VII"); the New York Executive Law §§ 290-301 ("Human Rights Law" or "HRL"); 42 U.S.C. § 1983; and New York State common law based on the race, sex, and national origin discrimination he claims to have suffered during his employment with defendant Syracuse City School District (SCSD). Presently before the Court is a motion by defendants SCSD, Dr. Stephen C. Jones, Wayne D. O'Connor, and Debra Mastropaolo to dismiss the complaint pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure.

## II.    FACTS

Taking the facts from the complaint as true: On or about September 1, 1997, the defendant school district hired plaintiff, a black, male, United States citizen, as a "terminal" teaching assistant.  Plaintiff resigned from the position on January 20, 1998 to attend graduate school but remained "the Defendant's Daily Substitute Teacher throughout the period."  On September 16, 1999, SCSD employed plaintiff as a teaching assistant substitute.  In the Spring or Summer of 1999, SCSD posted a notice regarding an opening of a full-time technology teacher position in an attempt to solicit candidates.  Plaintiff submitted his resume and received an interview.  Plaintiff has a Masters Degree, permanent certification in technology education and a certification in architectural technology.  SCSD told plaintiff that he was highly qualified for the job, and offered him the position.

On or about September 1, 2000, SCSD appointed plaintiff to a position of full-time probationary technology teacher.  Plaintiff conducted himself professionally, and performed his job duties satisfactorily as evidenced by his evaluations.  Plaintiff claims, however, that beginning in October 2000, various SCSD supervisors and employees made negative comments to him about "foreigners", his race and sex, and called him a "terrorist".  Plaintiff claims he reported numerous incidents of racial bias, but SCSD did nothing to prevent such bias from reoccurring. Plaintiff claims SCSD harassed him, subjected him to a hostile work environment, disparately treated him, denied him tenure, and terminated his employment based on his race, sex, and national origin.  The complaint advances six causes of action based on defendants' alleged violation discrimination against him.  The first and third causes of action allege violations of Title

VII; the second cause of action alleges a violation of the Human Rights Law; the fourth and fifth causes of action allege violations of § 1983; and the sixth cause of action alleges intentional infliction of emotional distress.

## II.   DISCUSSION

Defendants move pursuant to Rule 12(b)(6) to dismiss the complaint on the following grounds: (1) there is no individual liability under Title VII; (2) certain Title VII allegations are time barred; (3) plaintiff failed to exhaust his administrative remedies with regard to his Title VII claims; (4) plaintiff is not entitled to punitive damages against the defendant school district; (5) plaintiff's election of remedies precludes plaintiff from filing a New York Human Rights Law claim; (6) plaintiff fails to allege a constitutional violation under § 1983; (7) plaintiff failed to file a notice of claim with regard to his state law claims; (8) the Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims; (9) the complaint fails to allege personal involvement by any of the named defendants; (10) the complaint contains vague and conclusory allegations.  Defendants also seek dismissal pursuant to Rules 4, 12(b)(2) and 12(b)(4) or (5) for lack of personal jurisdiction over defendants, insufficiency of process or of service of process.  Except as noted below, plaintiff opposes defendants' motion.

### A.   Rule 12(b)(6) Standard

Upon a motion to dismiss pursuant to Rule 12(b)(6), "all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff." *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir. 1991).  The Court must dismiss the complaint only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Allen v. Westpoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991)(quoting *Conley v.*

3

*Gibson*, 355 U.S. 41, 45-46 (1957)).  Although represented by counsel at present, plaintiff filed the complaint *pro se*, thus his pleading should be held "'to less stringent standards than formal pleadings drafted by lawyers . . .'".  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  Ordinarily, the Court must decide a Rule 12(b)(6) motion to dismiss based upon the allegations in the complaint.  The Court, however, may also consider "documents that the plaintiff either possessed or knew about and upon which [he] relied in bringing the suit", *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000).

In this case, both parties submitted documents along with their motion papers.  Defendants submitted *inter alia* the charge of discrimination plaintiff filed on May 27, 2003 with the New York State Division of Human Rights ("NYSDHR"), the Determination and Order after Investigation dated September 30, 2004, issued by the NYSDHR finding "no probable cause" to believe SCSD engaged in an unlawful discriminatory practice.  In opposition to defendants' motion, plaintiff submitted an affidavit, an amendment to the original charge of discrimination, and a request to the Equal Employment Opportunity Commission ("EEOC") for review.  Since plaintiff possessed and relied upon the charge of discrimination, and amendment, that he filed with the NYSDHR and the EEOC, in bringing this action and referred to the charge of discrimination in the complaint, the Court may consider them in deciding defendants' motion to dismiss.  The Court, however, solely considers these documents in connection with defendants' Rule 12(b)(6) motion to dismiss for failure to exhaust administrative remedies, and for lack of subject matter jurisdiction over the New York HRL claims.  The Court has not considered plaintiff's affidavit in determining this motion, and declines, based on the early stage of this litigation, to extend to the parties. the opportunity to convert this motion into one for summary

4

judgment.

### B. Defendants' Arguments

#### 1. Title VII - Individual Liability

The individual defendants claim they are entitled to the dismissal of all Title VII claims against them. Plaintiff does not oppose this aspect of defendants' motion. Indeed, Title VII does not impose personal liability on individuals. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995) ("individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII."); *Sowemimo v. D.A.O.R. Sec., Inc.*, 43 F. Supp. 2d 477, 486 (S.D.N.Y. 1999) (dismissing Title VII claims against individual defendant holding that "[t]his circuit has made clear that individuals may not be held personally liable under Title VII."). Accordingly, defendants' motion is granted.

#### 2. Timeliness of Title VII Claims

Defendants seek dismissal of the first and third causes of action, which advance claims of employment discrimination in violation of Title VII, on the basis that such claims are time-barred. A "Title VII claim is time-barred if the plaintiff, after filing a charge with an appropriate state or local agency, does not file a charge with the EEOC within 300 days after 'the alleged unlawful employment practice." *Elmenayer v. ABF Freight System, Inc.*, 318 F.3d 130, 133 (2d Cir. 2003) (quoting 42 U.S.C. 2000e-5(e)(1) (2000)); *see National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) ("*Morgan*").

On May 27, 2003, plaintiff filed a charge of discrimination with the NYSDHR. Plaintiff's charge of discrimination was dually filed with the EEOC. Defendants therefore argue that any acts of discrimination occurring before to July 31, 2002, which is 300 days prior to plaintiff's

5

May 27, 2003, filing of the charge of discrimination, are time barred. Citing *Morgan*, 536 U.S. 101, plaintiff argues that the continuing violation doctrine is applicable to his hostile work environment claim and therefore asserts that his Title VII claim is not time barred.

The Second Circuit has instructed that the "statute of limitations for an unlawful employment practice begins to run when the unlawful practice occurs." *Forsyth v. Federation Employment and Guidance Serv.*, 409 F.3d 565 (2d Cir. 2005). Discrete discriminatory acts falling outside the limitations period are time-barred even if "they are related to acts alleged in timely filed charges." *Morgan*, 536 U.S. at 113. "Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Id*. In *Morgan*, the Supreme Court ruled that a hostile work environment claim is timely if an EEOC charge is filed within 300 days of any act that is part of the hostile work environment because such a claim is a continuing violation "comprised of a series of separate acts that collectively constitute one 'unlawful employment practice.'" *Id*. at 117. The Supreme Court cited "termination, failure to promote, denial of transfer, or refusal to hire" as examples of discrete discriminatory acts. *Id*. at 113.

Assuming the facts in the complaint are true, and construing it liberally, as the Court must when considering a motion to dismiss a complaint filed by a pro se litigant, plaintiff has alleged a hostile work environment with at least one act occurring within 300 days of the filing of the charge of discrimination. For example, plaintiff alleges that between February 28, 2003, and June 25, 2003, a SCSD supervisor assigned plaintiff to work in the cafeteria without other staff present, even though when white staff were assigned to the cafeteria, there were two staff members on duty. Thus, plaintiff's claim may proceed. Defendant, however, seeks dismissal of all allegations taking place prior to July 31, 2002. To the extent the allegations in the complaint, which plaintiff

6

claims took place prior to July 31, 2002, are claims of discrete discriminatory acts, they are untimely. *See id*. Because such claims may pertain to plaintiff's hostile work environment claim, however, wholesale dismissal of these allegations, at this point, would be improper. This conclusion is not a finding of timeliness. It is a finding that plaintiff has pled that his hostile work environment claim is timely for purposes of surviving a motion to dismiss.

Although the complaint does not state when plaintiff was denied tenure, or when his employment was terminated, this omission is not fatal to plaintiff's discrimination claims. *See Bonano v. Southside United Housing Development Corp*., 363 F.Supp.2d 559, 565 (E.D.N.Y.2005) ("plaintiff is not required to plead specific dates of discrimination"). Indeed, the issue of timeliness, if there is one, may be raised on summary judgment. *Aguilar v. New York Convention Ctr. Operating Corp*., 2002 WL 844397, at *2 (S.D.N.Y. May 02, 2002) ("Plaintiffs' amended complaint gives defendants ample notice of the nature of their claims--even though the complaint does not always provide relevant dates-and any statute of limitations issues can and will be resolved at the summary judgment stage."). Accordingly, defendants' motion to dismiss the complaint is denied.

### 3.     **Exhaustion of Administrative Remedies**

Defendants seek dismissal of the first and third causes of action, which allege defendant SCSD discriminated against plaintiff based on his national origin, sex, race, and color, in violation of Title VII, on the basis that plaintiff failed to exhaust his administrative remedies regarding these claims prior to filing suit. "As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC." *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003) (citing *Fitzgerald v.*

*Henderson*, 251 F.3d 345, 358-59 (2d Cir.2001), *cert. denied*, 536 U.S. 922 (2002))

In support of their motion, defendants submitted plaintiff's NYSDHR charge of discrimination dated May 27, 2002, which was dually filed with the EEOC, and which alleges discrimination based on race or color.  To his opposition papers, plaintiff attached an "amendment" to the original charge of discrimination as well as his formal request to the EEOC for review.  The amendment to the charge of discrimination specifies that plaintiff is alleging "race, gender, color, and national origin" discrimination.  Thus, the Court concludes even though the original charge of discrimination only alleged discrimination based on race and color, because the amendment includes allegations of gender and national origin discrimination, plaintiff has exhausted his administrative remedies.  Indeed, the Second Circuit allows for "loose pleading" in charges of discrimination recognizing that "EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims [he] is suffering."  *Butts v. City of N.Y. Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1402 (2d Cir. 1993), superseded by statute on other grounds as stated in *Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684 (2d Cir. 1998).

Defendants assert that notwithstanding the above, plaintiff failed to exhaust his administrative remedies with regard to his allegations of disparate treatment and hostile work environment because he did not advance such claims in his NYSDHR and EEOC charge of discrimination.  In the "amendment" to the original charge of discrimination, however, plaintiff alleges that the school principal, Debra Mastropaolo, held him to a "different standard than comparably situated white teachers" and used "actions and abusive racial comments toward" plaintiff to force plaintiff to quit "or find justification to recommend the termination of my

employment." In view of the permissibility of "loose pleading" in EEOC charges of discrimination, the Court finds these allegations sufficient for purposes of alerting the EEOC of the disparate treatment and hostile work environment based on race, gender, and national origin plaintiff claims to have suffered during his employment. Accordingly, defendants' motion to dismiss the Title VII claims for failure to exhaust administrative remedies is denied.

### 4. Punitive Damages

The defendant school district moves to dismiss all claims for punitive damages in the complaint. Indeed, punitive damages are not recoverable against the school district. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 268 (1981); *see also DiSorbo v. Hoy*, 343 F.3d 172, 182 (2d Cir. 2003); *Francis v. Elmsford School District*, No. 04 Civ. 2687 (HB), 2004 WL 1769980 (S.D.N.Y. Aug. 5, 2004) (holding that punitive damages were not recoverable against the defendant school district or the defendant school board). Plaintiff does not oppose defendant's motion. Accordingly, defendants' motion to dismiss plaintiff's claim for punitive damages against the defendant school district is granted.

### 5. New York State Claims

Defendants argue that plaintiff's New York Human Rights Law claims must be dismissed for lack of subject matter jurisdiction. Defendants claim that plaintiff's filing of a complaint with the NYSDHR constituted plaintiff's election of remedies and divests the Court of subject matter jurisdiction.

> The election of remedies provision of the HRL provides, in relevant part:
>
> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction . . . unless such person had filed a complaint hereunder or with any local commission on human rights, or with the superintendent pursuant to the provisions of section two hundred ninety-six-a

of this chapter, provided that, where the division has dismissed such complaint on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled, such person shall maintain all rights to bring suit as if no complaint had been filed with the division.

N.Y. EXEC. LAW § 297(9). "When a party files a complaint with the Division of Human Rights regarding alleged discrimination, that party is thereafter barred from 'commencing an action' in court regarding that discrimination." *Moodie v. Federal Reserve Bank*, 58 F.3d 879, 882 (2d Cir. 1995). Indeed, the New York State Court of Appeals has ruled that "[t]he statute . . . precludes [a] plaintiff from commencing an action in court based on the same incident." *Emil v. Dewey*, 49 N.Y.2d 968 (1980) (citation omitted). Where a plaintiff has filed a complaint with the NYSDHR, "[b]oth the language of the statute and its consistent judicial interpretation establish that § 297(9) poses an insuperable jurisdictional bar to the advancement of . . . state law claims". *Moodie*, 58 F.3d at 882. Plaintiff alleges in the complaint that he "filed a timely charge of racial discrimination against Defendant with the State Division of Human Rights (SDHR) alleging that his denial of tenure and harassment were due to Plaintiff's race, sex, and national origin." As discussed previously, the parties have submitted plaintiff's charge of discrimination and amendment, as well as the "Determination and Order After Investigation" finding "NO PROBABLE CAUSE". Although plaintiff opposes the motion, he does not argue that the conduct he presented to the NYSDHR is different from the conduct about which he claims in the instant lawsuit. Accordingly, plaintiff's state HRL claims are dismissed without prejudice for lack of subject matter jurisdiction.

### 6. Section 1983 Claims

Defendants argue that the complaint fails to state a claim under 42 U.S.C. § 1983. Specifically, defendants assert the complaint does not adequately allege personal involvement by

the individual defendants and that it does not adequately allege a claim for municipal liability against the defendant school district. An individual can be held liable for damages under § 1983 if he or she was personally involved in the alleged deprivation. *See Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996). "Municipalities . . . including school districts, are considered 'persons' within the meaning of § 1983." *Back v. Hastings on Hudson Union Free School District*, 363 F.3d 107, 128 (2d Cir. 2004). A school district can only be held liable if its "policy or custom, whether made by its lawmakers or by those whose edicts may fairly be said to represent official policy, inflicts the injury." *Monell v. New York City Dep't. of Social Services*, 436 U.S. 658 (1978).

Even viewing the complaint liberally, the Court finds that it fails to allege personal involvement by any of the named defendants. Although Dr. Stephen C. Jones, Wayne D. O'Connor, and Debra A. Mastropaolo are named in the caption of the complaint, their names do not appear in the body of the complaint. Thus, plaintiff has failed to allege personal involvement by any of the named defendants. Further, although plaintiff seeks to hold the defendant school district liable under § 1983, he has not identified a policy or custom or alleged that any of the actions of which he complained were taken by an individual whose action may fairly be said to represent official policy. Accordingly, defendants' motion to dismiss plaintiff's § 1983 claims is granted and the § 1983 claims are dismissed without prejudice.

### 7. Notice of Claim

Defendants seek dismissal of the sixth cause of action, which alleges intentional infliction of emotional distress, on the basis that plaintiff failed to file a notice of claim as required under New York law. *See* N.Y. GEN. MUNIC. LAW §50-e. Plaintiff does not oppose defendants'

motion in this regard. Section 50-e(1)(a) provides:

> In any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation, as defined in the general construction law, or any officer, appointee or employee thereof, the notice of claim shall comply with and be served in accordance with the provisions of this section within ninety days after the claim arises . . . .

N.Y. GEN. MUNIC. LAW §50-e(1)(a). The defendant school district is a "public corporation" under New York law. N.Y. GEN. CONSTR. LAW § 66(1), (2) (McKinney 2005). A claim of intentional infliction of emotional distress is a tort claim which requires a notice of claim as a condition precedent to commencement of an action. *See Carter v. Port Auth. of N.Y. & N.J.*, No. 03 Civ. 8751, 2004 WL 297 8282, *5 (S.D.N.Y. Dec. 20, 2004). Plaintiff has not alleged that he served such notice on defendants. Accordingly, defendants' motion to dismiss plaintiff's sixth cause of action is granted.

### 8. State Law Claims

Defendants argue that if the Court dismisses plaintiff's federal claims, it should decline to exercise supplemental jurisdiction over plaintiff's state law claims. Since the Court has dismissed, without prejudice, all of plaintiff's state law claims, it need not address defendants' argument.

### 9. Vague and Conclusory Allegations

In Points IX and X of defendants' memorandum of law, defendants argue for dismissal of the complaint on the basis that it fails to state a claim on which relief may be granted, and that it contains vague and conclusory allegations. Plaintiff's remaining causes of action are his Title VII claims. The complaint alleges disparate treatment, denial of tenure, discriminatory discharge, and hostile work environment, all based on plaintiff's race, sex, and national origin, in violation of

Title VII.

In order to establish a *prima facie* case of discrimination under Title VII, the plaintiff must show (1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 567 (2d Cir.2000). An employment discrimination complaint need not contain specific facts establishing a *prima facie* case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002). Indeed, the Second Circuit has repeatedly warned that "the pleading requirements in discrimination cases are very lenient, even *de minimis*." *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 710 (2d Cir. 1998). Plaintiff must, however, allege facts which give fair notice of his claim and the grounds upon which it rests. *Swierkiewicz,* 534 U.S. at 512.

    **a. Race and Sex Discrimination**

The Court finds that the allegations in the complaint adequately allege discrimination based on race and sex. According to the complaint, plaintiff, a black male, was told by the defendant school district that he was "highly qualified for the job" when it offered him the position of full-time probationary technology teacher, plaintiff conducted himself professionally, and performed his job duties satisfactorily. The complaint further states that SCSD supervisors told plaintiff that only white department heads were allowed at certain meetings, that white teachers "take care of [their] own first", that "women hold the power". The complaint alleges that plaintiff was treated differently than similarly situated white employees and that plaintiff was denied tenure, and that SCSD terminated his employment. Thus, construing plaintiff's *pro se*

pleading liberally, the Court finds it adequately states a claim for race and gender discrimination under Title VII.

### b. National Origin Discrimination

The complaint identifies plaintiff as "black" and refers to "foreigners" and "terrorists", but only conclusorily alleges that plaintiff suffered national origin discrimination and does not identify plaintiff's national origin. Defendants argue that because the complaint does not specify plaintiff's national origin, it fails to state a claim for national origin discrimination under Title VII. As noted, however, the pleading requirements for Title VII claims are *de minimis*. Thus, the Court finds the complaint is sufficient to put defendants on notice that plaintiff claims discrimination based on national origin. *See Almendares v. Palmer*, No. 3:00-CV-7524, 2002 WL 31730963, *10 (N.D.Ohio Dec. 3, 2002) (rejecting argument that the plaintiffs must allege their specific nation of origin in order to state a claim for national origin discrimination under Title VI, "[t]o prove a national origin claim, it is enough to show that the complainant was treated differently than others because of his or her foreign accent, appearance or physical characteristics."). Accordingly, defendants' motion to dismiss the national origin discrimination claim is denied.

### c. Hostile Work Environment

To state a hostile work environment claim, plaintiff must establish "(1) that his workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of his work environment, and (2) that a specific basis exists for imputing the conduct that created the hostile environment to the employer." *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 715 (2d Cir. 1996).

In this case, plaintiff alleges that throughout his employment, he endured the following: a SCSD supervisor told plaintiff that "we take care of our own first" implying to plaintiff that white teachers take care of each other, and that in America "Women hold the power"; SCSD held him to a different standard than white teachers; and that a SCSD supervisor told plaintiff that he "had better get used to women being [his] boss, because we are rapidly moving them up in the ranks." Ultimately, plaintiff claims SCSD denied him tenure and terminated his employment. The Court finds that these allegations are sufficient to put the defendant school district on notice of the nature of the claim against it namely, that plaintiff was subjected to a hostile work environment based on race and sex.

**10.     Service**

Defendants seek dismissal of the complaint pursuant to Rules 12(b)(2), (4), and (5) for lack of personal jurisdiction and insufficiency of service of process. Specifically, defendants argue that plaintiff attempted service by mailing them a copy of the summons and complaint on February 28, 2005. Defendants contend that plaintiff, as a party to the proceedings, was not qualified to effect service, and that service of process by mail does not meet the requirements of Rule 4(e) and 4(j)(2). Defendants also complain that although plaintiff included a request for waiver of service form, the form was dated January 27, 2005, rather than February 28, 2005, the day it was mailed, and was not accompanied by a prepaid means of compliance.

Rule 4(m) provides, in part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the

time for service for an appropriate period.

In this case, plaintiff, avers that he attempted to obtain a waiver of service by defendants by sending to them a "Notice of Lawsuit and Request for Waiver" form, and that he assumed defendants had agreed to a waiver of service by their appearance in this action. In view of plaintiff's status as a *pro se* litigant at the time he commenced this action, the Court, in an abundance of caution, and in order to ensure any procedural violations are cured, directs plaintiff, who is now represented by counsel, to effect service in accordance with the Federal Rules of Civil Procedure within thirty (30) calendar days of the date of this Memorandum-Decision and Order. Accordingly, defendants' motion to dismiss for failure to effect proper service is denied.

### IV. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that defendants' motion to dismiss the individual defendants from the First and Third causes of action is GRANTED; and it is further

ORDERED that defendants' motion to dismiss all claims for punitive damages against the defendant School District is GRANTED; and it is further

ORDERED that defendants' motion to dismiss the New York Human Rights Law claim is GRANTED and it is further

ORDERED that the Second Cause of Action is DISMISSED without prejudice for lack of subject matter jurisdiction; and it is further

ORDERED that defendants' motion to dismiss the 42 U.S.C. § 1983 claims is GRANTED; and it is further

ORDERED that the Fourth and Fifth causes of action are DISMISSED **without prejudice**

16

**to repleading**; and it is further

ORDERED that defendants' motion to dismiss the claim for intentional infliction of emotional distress is GRANTED; and it is further

ORDERED that the Sixth cause of action is DISMISSED without prejudice; and it is further

ORDERED that plaintiff is to effect service of the complaint in accordance with the Federal Rules of Civil Procedure within thirty (30) calendar days of the date of this Memorandum-Decision and Order; and it is further

ORDERED that defendants' motion to dismiss is otherwise DENIED in its entirety; and it is further

ORDERED that plaintiff is directed to file and serve an amended pleading, if any, within thirty (30) calendar days of the date of this Memorandum-Decision and Order.

IT IS ORDERED.

DATE: November 15, 2005

Norman A. Mordue
U.S. District Judge