**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**GREGORY I. EGBUNA,**

                **Plaintiff *Pro se*,**

**v.**

**1. SYRACUSE CITY SCHOOL DISTRICT,**
**2. DR. STEPHEN C. JONES,**
**3. WAYNE D. O'CONNOR,**
**4. DEBRA A. MASTROPAOLO,**

                **Defendants.**

**5:05-CV-112**
**(NAM/GHL)**

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Gregory I. Egbuna<br>*Plaintiff Pro se* | |
| City of Syracuse Corporation Counsel<br>233 East Washington Street<br>Room 301 City Hall<br>Syracuse, NY 13202<br>*For Defendants* | Terri Bright, Esq.,<br>Corporation Counsel<br><br>Joseph Francis Bergh, Esq.,<br>Assistant Corporation Counsel |

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.     INTRODUCTION**

Plaintiff brings this action pursuant to 42 U.S.C. § 2000e et seq. ("Title VII") based on the race, sex, and national origin discrimination he claims to have suffered during his employment with defendant Syracuse City School District (SCSD).  Presently before the Court is a motion by defendants SCSD and Dr. Stephen C. Jones to dismiss the complaint pursuant to Federal Rules of

Civil Procedure 12(b)(2) and 12(b)(5) for lack of personal jurisdiction and insufficiency of service of process.

## II.   BACKGROUND

In its previous Memorandum-Decision and Order, (Dkt. no. 19), dated November 15, 2005, the Court granted defendants' motion to dismiss pursuant to Rule 12(b)(6) plaintiff's New York Executive Law §§ 290-301 claim (second cause of action) and 42 U.S.C. § 1983 claims (fourth and fifth causes of action) for failure to state a claim.  The Court also granted defendants' motion to dismiss plaintiff's intentional infliction of emotional distress claim (sixth cause of action), claim for punitive damages, and all Title VII claims against the individual defendants. Accordingly, the only claims remaining are plaintiff's Title VII claims against SCSD (first and third causes of action).  In their prior motion defendants also sought dismissal pursuant to Rules 12(b)(2), (4), and (5) for lack of personal jurisdiction and insufficient service of process.  In view of plaintiff's failure to effect proper service, the Court directed plaintiff to effect service of process in accordance with the Federal Rules of Civil Procedure within thirty days of the date of the Memorandum-Decision and Order.  Defendants SCSD and Dr. Stephen C. Jones filed the instant motion asserting that the summons was defective and that plaintiff, again, failed to effect proper service of the summons and complaint.  Consequently, defendants seek dismissal of this action for lack of personal jurisdiction and insufficient service of process pursuant to Rules 12(b)(2) and 12(b)(5).

## III.   DISCUSSION

As an initial matter, as discussed above, there are no claims presently pending against the individual defendants, Dr. Stephen C. Jones, Wayne D. O'Connor, and Debra Mastropaolo.  Thus,

to the extent defendant Dr. Stephen C. Jones seeks dismissal of the claims against him, his motion is denied as moot.[1]  Accordingly, the Court turns to defendant SCSD's motion.

Defendant asserts that this action must be dismissed for lack of personal jurisdiction because the summons was not signed by the Clerk of the Court and did not bear the seal of the Court as required by Rule 4.  Defendant further argues that plaintiff's attempted service of the summons and complaint was insufficient because plaintiff failed to serve the chief executive officer of the SCSD or a school officer.  Plaintiff opposes defendant's motion and asserts that he has been diligent in his efforts to serve the SCSD properly.  Plaintiff also seeks an extension of time within which to effect proper service of process.

Rule 4 provides that "[t]he summons shall be signed by the clerk, bear the seal of the court, identify the court and the parties, be directed to the defendant, and state the name and address of the plaintiff's attorney or, if unrepresented, of the plaintiff."  Fed. R. Civ. P. 4(a).  In this case, the Clerk of the Court issued a summons on February 28, 2005.  On December 8, 2005, plaintiff served the SCSD by leaving a copy of the summons and complaint with Joan Calabuto, "administrative aide".  Dkt. no. 20.  The summons plaintiff's former attorney prepared, however, did not bear the Clerk's signature or the seal of the Court.  *See* Bergh Aff., Ex.A.  Thus, it was defective.  *See Yoonessi v. New York State Bd. for Prof'l Med. Conduct*, No. 03-CV-871S, 2005 WL 645223, at *15 (W.D.N.Y. Mar. 21, 2005) (finding that the "summons, which was not signed by the clerk, did not bear the seal of the court, was not dated and did not identify the court in which the action is filed . . . is defective.").

Defendant further asserts that plaintiff's attempted service of process on the SCSD was

---

[1] In its previous decision, the Court dismissed plaintiff's § 1983 claims (fourth and fifth causes of action) without prejudice to repleading and directed plaintiff to file an amended pleading, if any, within thirty days of the date of the Memorandum-Decision and Order.  To date, plaintiff has not filed an amended pleading.

3

insufficient because he failed to serve it upon the chief executive officer of the school district or a school officer. Rule 4 states:

> Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

Fed. R. Civ. P. 4(j)(2). The New York Education Law provides that the superintendent of schools of a city school district is the chief executive officer of the school district. N.Y. Educ. Law § 2508(1). The New York Civil Practice Law and Rules state that a "school officer" may also receive service of process. N.Y. C.P.L.R. § 311(7). The New York Education Law defines "school officer" as:

> a clerk, collector, or treasurer of any school district; a trustee; a member of a board of education or other body in control of the schools by whatever name known in a union free school district, central school district, central high school district, or in a city school district; a superintendent of schools; a district superintendent; a supervisor of attendance or attendance officer; or other elective or appointive officer in a school district whose duties generally relate to the administration of affairs connected with the public school system.

N.Y. Educ. Law § 2(13). Because "administrative aide" does not appear to fall within the definition of "school officer" and there is no evidence plaintiff served the superintendent of schools or anyone who would meet the definition of "school officer", plaintiff failed to effect proper service of process on the SCSD.

Rule 4(m) requires dismissal without prejudice if service of complaint and summons is not made within 120 days after filing, "provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period". Defendant argues that dismissal is required because the 120 days within which service must be made has expired and

4

plaintiff has twice failed to serve the summons and complaint as required by the Federal Rules of Civil Procedure.  Plaintiff opposes defendant's motion but has not submitted an affidavit or evidence in admissible form demonstrating good cause for his failure to effect proper service.  Indeed, his motion papers are unsworn.  Further, even though plaintiff's counsel, who has withdrawn from representing plaintiff in this action, appears to have been responsible for the improper service, such a showing is insufficient to establish good cause.  *See, e.g.*, *McGregor v. United States*, 933 F.2d 156, 159-60 (2d Cir. 1991) (attorney neglect is not good cause).  Failure to show good cause, however, does not automatically forclose plaintiff's request for an extension of time to effect service.

"Rule 4(m) allows the court, in its discretion, to extend the time for service, even if the plaintiff fails to show good cause.  If the plaintiff has shown good cause, the extension is mandatory."  *Husowitz v. American Postal Workers Union*, 190 F.R.D. 53, 57 (E.D.N.Y. 1999) (quotations omitted); *see also* Fed. R. Civ. P. 4(m) Advisory Committee Notes to 1993 Amendments (stating that Rule 4(m) permits a court, in its discretion, to extend the time for service absent a finding of good cause); *Charles v. New York City Police Dep't*, No. 96CIV.9757, 1999 WL 717300, at *7 (S.D.N.Y. Sept.15, 1999) ("[E]ven absent a finding of good cause, the Court has discretion to extend the time for service.").

Where "good cause" does not exist, the district court, in exercising its discretion to extend the time for service, should consider:

> (1) whether the applicable statute of limitations would bar the re-filed action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.

*Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc*., 187 F.R.D. 503, 506 (S.D.N.Y.1999).

In this case, the statute of limitations governing Title VII actions would bar plaintiff from re-filing this action. A Title VII claimant must file his complaint not more than 90 days after receipt of a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). *See Cornwell v. Robinson*, 23 F.3d 694, 706 (2d Cir.1994) (citing 42 U.S.C. § 2000e-5(f)(1)). Here, the EEOC issued a right-to-sue letter on November 10, 2004. Nearly two years have passed since the EEOC's issuance of that letter, thus the statute of limitations would bar plaintiff from re-filing this action. It is undisputed that defendant has actual notice of the claims asserted in the complaint. There is, however, no evidence that defendant attempted to conceal the defective service of process. Further, the Court finds defendants have been prejudiced by plaintiff's repeated failure to effect service of process in this action which has been pending since January 28, 2005, but has not proceeded beyond the pleading stage. Although plaintiff was *pro se* at the time he commenced this action and attempted service of process on his own, the Court, in its prior Memorandum-Decision and Order, granted plaintiff a second opportunity to serve defendant. Plaintiff, however, even with the aid of counsel, failed to accomplish this fundamental procedural task. Further, plaintiff is well aware, based on the Court's prior decision in this matter, of the consequences set forth in Rule 4(m) of failing to effect proper service. *See* Dkt. no. 19, pp.15-16. Thus, the Court, in its discretion, declines to grant a second extension of time to effect service of the summons and complaint. Accordingly, defendant's motion to dismiss is granted.

**IV.    CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED** that defendant's motion to dismiss is **granted**; and it is further

**ORDERED** that the complaint is **dismissed without prejudice**.

**IT IS SO ORDERED.**

Dated: September 27, 2006
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge